THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Miguel Sauceda Robinson, Appellant.
 
 
 

Appeal From York County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No.  2011-UP-211
Submitted May 1, 2011  Filed May 11, 2011

AFFIRMED

 
 
 
 Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Senior
 Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Kevin S. Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Miguel Sauceda Robinson appeals his convictions for armed robbery, second-degree lynching, and conspiracy, arguing the following:
(1) the trial court erred in admitting an unreliable photographic lineup identification of Robinson when the identification did not match the description of the
perpetrator provided by the victim; and (2) the trial court erred in charging the jury on circumstantial evidence when the case was based on direct
evidence.    We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to whether the trial court erred in admitting the identification, we hold the trial court did not err because evidence in the record supports the
trial court's finding the procedure was not unduly suggestive: State v. Moore, 343 S.C. 282, 287, 540 S.E.2d 445, 447 (2000) ("The United States
Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification. First, [a] court must first determine whether
the identification process was unduly suggestive. . . . [It] next must determine whether the out-of-court identification was nevertheless so reliable that no
substantial likelihood of misidentification existed.") (citations and internal quotation marks omitted); Id. at 287, 540 S.E.2d at 447-48
("Only if [the procedure] was suggestive need the court consider the second question- whether there was a substantial likelihood of irreparable
misidentification.") (citation and internal quotation marks omitted). 
2.  As to whether the trial court erred in charging the jury on circumstantial evidence:  Clark v. Cantrell, 339 S.C. 369, 389, 529
S.E.2d 528, 539 (2000) ("An appellate court will not reverse the trial court's decision regarding jury instructions unless the trial court abused its
discretion."); State v. Patterson, 367 S.C. 219, 232, 625 S.E.2d 239, 245 (Ct. App. 2006) ("To warrant reversal, a trial court's refusal to
give a requested charge must be both erroneous and prejudicial to the defendant."); State v. Knoten, 347 S.C. 296, 302, 555 S.E.2d 391, 394 (2001)
("The law to be charged must be determined from the evidence presented at trial.").
AFFIRMED.
FEW, C.J., PIEPER and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.